UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VERON BRIGGS,

                              Plaintiff,

                                                                                     1:22-CV-1392

           v.                                                                                 (DJS)

JAMES HALLENBECK,

                              Defendant.
_____

**APPEARANCES:**                               **OF COUNSEL:**

VERON BRIGGS
Plaintiff, *Pro Se*
Troy, New York 12182

PATTISON SAMPSON GINSBERG &      RHIANNON I. GIFFORD, ESQ.
GRIFFIN PLLC
Attorney for Defendant
P.O. Box 208
22 First Street
Troy, New York 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

*Pro se* Plaintiff Veron Briggs brings this 42 U.S.C. § 1983 civil rights action alleging that Defendant falsely arrested him in violation of his constitutional rights. *See generally* Dkt. No. 1, Compl. Pending before the Court is Defendant's Motion for Summary Judgment seeking dismissal of the Complaint in its entirety. Dkt. Nos. 24 &

---

[1] Upon the parties' consent this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 19.

- 1 -

24-8, Def.'s Mem. of Law.  Plaintiff filed an opposition to the Motion to which Defendant replied.  Dkt. No. 32, Pl.'s Opp.; Dkt. No. 35.  Plaintiff's opposition is styled as a cross-motion for summary judgment.  *See generally* Pl.'s Opp.

For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Cross-Motion is **DENIED**.[2]

## I. BACKGROUND

Plaintiff alleges that on April 6, 2022, he called 911 to report that his home was being burglarized by Ms. Nevaeh Wright.  Dkt. No. 32-3 at p. 1.  In response, Defendant was dispatched to the scene.  *Id.*; Dkt. No. 24-1 at ¶ 4.  Upon arrival, Defendant spoke with Plaintiff and requested identifying information.  Dkt. No. 24-1 at ¶ 6.  Plaintiff's identifying information revealed that he was the subject of an active arrest warrant for physically assaulting and choking Ms. Wright on a separate occasion.  Dkt. No. 24-5; Dkt. No. 32-3 at pp. 2-3.  Acting on this information alone, Defendant arrested Plaintiff.  Dkt. No. 24-1 at ¶¶ 9, 13, 15.  Plaintiff maintains that his arrest violated his Fourth and Eighth Amendment rights.  Compl. at pp. 2-3.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . .

---

[2] The Court notes that Plaintiff's Cross-Motion is untimely because it was filed after the response date set by the Court.  Dkt. Nos. 30 & 32.  Nor does it comply with the Court's Local Rules for filing a cross-motion.  *See* L.R. 7.1(c).

- 2 -

affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To defeat a motion for summary judgment, the non-movant must set out specific facts showing that a genuine issue exists and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case.").

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendant seeks summary judgment arguing that Plaintiff was not subject to false arrest as a matter of law and any Eighth Amendment claim is baseless. *See generally* Def.'s Mem. of Law. For the following reasons, Defendant's Motion is granted.

### A. False Arrest

"To establish a § 1983 claim for false arrest, [Plaintiff] must adduce evidence that: (i) the [Defendant] intended to confine [him]; (ii) [Plaintiff was] conscious of the confinement; (iii) [Plaintiff] did not consent to being confined; and (iv) the confinement was not otherwise privileged." *Berg v. Kelly*, 897 F.3d 99, 106 (2d Cir. 2018). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999) (internal quotation marks omitted); *see also Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.").

> [P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime . . . . The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers[.]

*Maron v. Cnty. of Albany*, 166 F. App'x 540, 541-42 (2d Cir. 2006) (internal quotation marks omitted).

It is well-settled that "[a]n arrest pursuant to a valid warrant is presumptively made with probable cause." *See, e.g.*, *Martinetti v. Town of New Hartford Police Dep't*, 112 F.Supp.2d 251, 252-53 (N.D.N.Y. 2000). This presumption can only be rebutted by a showing of "fraud, perjury, or the misrepresentation or falsification of evidence." *Cea v. Ulster Cnty.*, 309 F.Supp.2d 321, 329 (N.D.N.Y. 2004) (internal quotation marks omitted). Thus, an arresting officer acting in reliance on a facially valid arrest warrant is shielded from liability under the doctrine of qualified immunity. *Id* at 330; *see also Dirienzo v. U.S.*, 690 F. Supp. 1149, 1154 n.4 (D. Conn. 1988) ("The arresting officer need not inquire into the merits of a facially valid arrest warrant before execution. Indeed, once probable cause for the arrest has been established by a judicial officer and an arrest warrant has been issued, the warrant compels arrest and a law enforcement officer ignores this command at his peril.").

Here, it is undisputed that Plaintiff had an active warrant out for his arrest. Dkt. No. 24-5; *See generally* Pl.'s Opp. Likewise, both parties agree that Defendant did not participate in applying for the arrest warrant or take part in any of the events leading to the issuance of the arrest warrant. Dkt. No. 24-1 at ¶¶ 12-14; Dkt. No. 32-3 at pp. 2-3. Because Defendant arrested Plaintiff pursuant to a valid arrest warrant, a presumption of probable cause justifies the arrest. Plaintiff has not rebutted this presumption. Instead, Plaintiff has only alleged, in wholly conclusory fashion, that the arrest warrant was issued as a result of "false sworn Affidavits" submitted by police officers not named in the instant

case. Dkt. No. 32-3 at p. 6.[3]  Here, Defendant was under no obligation to inquire into the merits of the arrest warrant.  *Dirienzo v. U.S.*, 690 F. Supp. at 1154 n.4.  Having arrested Plaintiff in reliance on a facially valid arrest warrant, there was no Fourth Amendment violation.  As such, the Court finds that Defendant is entitled to summary judgment on this ground.

### B. Eighth Amendment

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials.  *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  The keyword is *prisoner*.  It is well-settled that the Eighth Amendment "does not apply to individuals who are detained pre-trial as they 'have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise.'"  *Laurent v. Edwin*, 528 F. Supp. 3d 69, 85 (E.D.N.Y. 2021) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)).  While a false arrest claim implicates the Fourth Amendment it does not implicate the Eighth.  *See, e.g.*, *Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 579 (S.D.N.Y. 2002).  Thus, summary judgment should be granted where a plaintiff does not state an Eighth Amendment claim.  *Thomas v. City of New York*, 2012 WL 4889257, at *3 (S.D.N.Y. Oct. 16, 2012).

Here, Plaintiff asserts that his alleged false arrest violated his Eighth Amendment rights.  Compl. at pp. 2-3.  However, it is undisputed that Plaintiff was a mere pre-trial detainee upon his arrest.  Plaintiff does not allege any facts suggesting that he was a

---

[3] "Even assuming that [the unnamed officers] misrepresented or omitted material facts that led to the issuance of the arrest warrant, [Defendant is] entitled to qualified immunity because [he] acted in good faith, relying on a facially valid arrest warrant." *Cea v. Ulster Cnty.*, 309 F.Supp.2d at 330.

prisoner subject to cruel and unusual punishment. *See generally* Compl.; Pl.'s Opp. Because the Eighth Amendment does not apply to Plaintiff's claim, and he has failed to plead any facts suggesting otherwise, summary judgment is also granted on this ground.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Defendant's Motion for Summary Judgment (Dkt. No. 24) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 32) is **DENIED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Dated: April 30, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge